CARPENTER *v.* ROSENBAUM.

Opinion delivered December 10, 1904.

MOTION FOR NEW TRIAL—MATTERS NOT EXCEPTED TO.—Where, at the time a verdict was directed for plaintiff, defendant did not make known that he had not concluded his evidence, nor that he desired to present certain instructions as embodying his view of the law, he cannot raise these matters in his motion for new trial.

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellee in the court of common pleas of Arkansas County against appellant on a note executed by him in favor of appellee for $75.

The defense was payment to one L. C. Smith, appellee's attorney. On appeal to the circuit court the case was tried by jury.

Appellant testified that during the year 1900 he traded with one Mr. Smith, who was running a store at De Witt, and obtained supplies from him to the amount of $750. He says: "Mr. Smith held another note, J. B. Smith, for collection against me in the same manner he did these. It was delivered to him, I am informed, in the fall when the cotton was being harvested" (that is, the fall of 1900). Continuing, witness says: "I delivered to Mr. Smith sixteen bales of cotton, amounting to $758.60. In June or July of that year I signed Mr. Smith's note as security at the Bank of De Witt, $500. I supposed Mr. Smith would pay the note, and I was perhaps careless in delivering the cotton until the note was paid. Later on I paid the $500 security debt, in addition to delivering him $750, making $1,250 I paid in Mr. Smith's behalf as unjust claims or indebtedness he held against me. There has been $172 paid back to me on the $500 security debt, and there is another credit of something like $80 that he should receive in addition to the $172, and a credit for this note here that would have left me a balance of over $200 upon his security debt, all paid me in connection with this other matter. This note for $75." Then follow these questions and answers: "Q. For whom did you make and deliver this note? A. In my office in the presence of Mr. Smith. Q. At whose instance? A. At Mr. Smith's. Q. Now, was anything said about the time this note was given about the matter between you and Mr. Smith, or understanding between the settlement of them? A. Nothing that I remember of, other than I have already stated. Q. I understand you to say the general understanding, whatever claims Mr. Smith held against you, as well as individual claims, to be adjusted in the manner already stated? A. Yes, sir. Q. By the Court: Was that note given to Mr. Rosenbaum? A. Yes, sir. Q. Indebtedness due Mr. Rosenbaum? A. Yes, sir."

Here the record shows that the court directed a verdict for the plaintiff (appellee). On the fourth day thereafter appellant filed his motion for new trial, which complained of the ruling of the court in directing the jury to find a verdict for plaintiff and the refusal to give several requests for instructions presented. When appellant's counsel filed his motion for new trial, he presented some requests for instructions which the court refused to grant because they had not been asked before the trial was concluded.

*H. A. & J. R. Parker,* for appellant.

*Thomas & Lee,* for appellant.

WOOD, J., (after stating the facts.) When the court directed the jury to return a verdict for the plaintiff, if appellant had not concluded his evidence, he should have made that fact known to the court, and have asked the court to allow him that privilege before making his direction to the jury to return a verdict for the plaintiff final. So, likewise, if he desired to present certain instructions as embodying appellant's view of the law. Then, if the court refused his request, he should have objected to the court's action, and excepted to the rulings. When there was no objection and exception to the court's rulings on these points before the verdict, and no request to have the matters presented during the trial, the appellant can not raise them in his motion for new trial.

But, passing these, an insuperable objection to reversal, even if the record presented all the points contended for by counsel here, is that the plea of payment was not sustained by the proof. It seems that he owed Smith, according to his own statement, $750 for supplies, and that Smith held another note for collection against him in favor of J. B. Smith, and he only paid to Smith cotton the proceeds of which amounted to $758.60. Then where does the payment of Rosenbaum's note appear, even if we concede that there was enough evidence to justify the court in submitting to the jury the question as to whether Rosenbaum would be bound by the "general understanding" between Smith and appellant as to the settlement of matters between them? We do not see it.

Affirm.